# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br><br>v.<br><br>OK PARK,<br><br>  Defendant - Appellant. | No. 04-10692<br>D.C. No. CR-03-00058-AWT<br><br>JUDGMENT |



**FILED**
DISTRICT COURT OF GUAM
FEB 21 2006
MARY L.M. MORAN
CLERK OF COURT

Appeal from the United States District Court for the District Of Guam (Hagatna).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District Of Guam (Hagatna) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED.**

Filed and entered 01/20/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

FEB 13 2006

by: _____
Deputy Clerk

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 20 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 04-10692 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00058-AWT |
| v. | |
| OK PARK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Guam
A. Wallace Tashima, District Judge, Presiding

Submitted November 22, 2005**
Honolulu, Hawaii

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

Defendant Ok Park ("Park"), the former owner of the Yumea Gift Shop in Guam, challenges her conviction for conspiring to traffic in counterfeit merchandise, arguing that the government failed to present sufficient evidence to prove all the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

required elements of the crime. To sustain a federal conspiracy conviction, the government must prove: "'(1) an agreement to accomplish an illegal objective, (2) coupled with one or more acts in furtherance of the illegal purpose, and (3) the requisite intent necessary to commit the underlying substantive offense.'" *United States v. Chong*, 419 F.3d 1076, 1079 (9th Cir. 2005) (quoting *United States v. Pemberton*, 853 F.2d 730, 733 (9th Cir. 1988)). Park argues that there was insufficient evidence to support the first and third elements. In a criminal prosecution, "[t]here is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See United States v. Shipsey*, 363 F.3d 962, 971 n.8 (9th Cir. 2004) (quotation marks and citation omitted); *United States v. Naghani*, 361 F.3d 1255, 1261 (9th Cir. 2004).

The underlying substantive offense is trafficking in counterfeit goods, for which there are two required mental states: "The defendant must 'intentionally traffic[] or attempt[] to traffic in goods or services and [must] knowingly use[] a counterfeit mark on or in connection with such goods or services.'" 18 U.S.C. § 2320(a). Park intentionally dealt in goods by operating the Yumea Gift Shop. To show that Park knowingly used a counterfeit mark, the government introduced a settlement agreement from a prior civil action involving counterfeit merchandise at

2

the Yumea Gift Shop, in which Park had agreed not to sell counterfeit Louis Vuitton and Chanel merchandise in the future. Evidence that Park's shop subsequently sold identical merchandise allowed a reasonable fact finder to infer that she knew her goods were counterfeit. Sufficient evidence supports the jury's conclusion that she had the requisite intent for the crime.

Park argues that the government failed to introduce sufficient evidence to prove that the object of Park's agreement with her co-conspirators was illegal. Specifically, Park claims that the government offered no evidence that, at the time of the conspiracy: (1) any of the counterfeit marks were registered on the principal register in the United States Patent and Trademark Office, (2) those marks were registered for the types of goods and services which were being sold, and (3) those marks were in use.

The government failed to provide direct evidence of trademark registration and use at the time Park formed her agreement with her co-conspirators. But registration and use at the time of conspiracy can be indirectly established if the government provides evidence that trademarks for the relevant items were registered and used prior to and after the conspiracy was formed, as long as the evidence of preceding and subsequent registration and use is reasonably close to the time of the actual conspiracy.

3

The government introduced the complaint from the prior civil action, which stated that Chanel and Louis Vuitton registered and used trademarks for items like those later found in Yumea Gift Shop. Park's counsel in the civil action also testified, in the criminal trial, that Chanel and Louis Vuitton were trademark owners at the time of the civil action. The civil action took place about eight months before the goods relating to the criminal prosecution were seized. Special Agent John Duenas ("Duenas") testified that the items seized during the search of Park's place of business were identical to items registered as trademarks in the U.S. Patent Office. Duenas gave this testimony about three years after the goods were seized. Duenas also provided testimony that indicated the owners of the trademarks sought to protect them—and therefore use them—during the time of the charged criminal conspiracy. From this evidence, the jury could have reasonably inferred that the trademarks were registered and in use at the time of the conspiracy.

As there was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that all three elements of conspiracy were met, the decision denying Park's motion for judgment of acquittal is AFFIRMED.

4