William L. Gavras, Esq.
LAW OFFICES WILLIAM GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorney for Movant
OK PARK

**FILED**
DISTRICT COURT OF GUAM

AUG 30 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Respondent,<br><br>vs.<br><br>OK PARK,<br><br>        Movant. | CASE NO. Civ 07-25<br><br>Crim 03-58-03<br><br><br>MOTION FOR BAIL<br>DURING PENDANCY<br>OF 2255 MOTION<br>(HABEAS CORPUS) |

Comes Now Movant, Ok Park, by and through counsel and states as follows:

This District Court's power to admit a habeas petitioner to bail "derives from the power to issue the writ itself." Marino v. Vasquez, 812 F.2d 499, 507 (9th Cir. 1987).

In the instant case, Mrs. Park has set forth facts demonstrating that she has been at liberty for over thirty months since the Ninth Circuit Court of Appeals

**ORIGINAL**

1

ordered that her motion for bail be denied.[1]  During this thirty months, she abided by all of the conditions set forth in her prior release order.  The Government can hardly argue, given its thirty month period of inactivity, that it is somehow critical that Mrs. Park must now begin serving her sentence of six months.

In <u>Smith v. Swope</u>, 91 F.2d 260 (9th Cir. 1937), the Ninth Circuit stated:

> The prisoner is entitled to serve his time promptly if such is the judgment imposed, and he must be deemed to be serving it from the date he is ordered to serve it and is in the custody of the marshal under the commitment, if, without his fault, the marshal neglects to place him in the proper custody.

<u>Id</u> at 262.  This principle is known as the doctrine of credit for time at liberty.  In <u>Green v. Christiansen</u>, 732 F.2d 1397, 1400 (9th Cir. 1984), the Ninth Circuit reaffirmed the doctrine of credit for time at liberty and cited approvingly to <u>Smith v. Swope</u>.  Some of the circuits apply the doctrine more stringently than the Ninth holding that "a delay in the commencement of a sentence **by itself** does not constitute service of that sentence." <u>Leggett v. Fleming</u>, 380 F.3d 232, 234 (5th Cir. 2004)(emphasis added).   In the instant case, there is more than a mere delay.

Mrs. Park was not just waiting for her sentence of be executed.  Rather, she was at the beck and call of the federal authorities.  She had to adhere to all of her pre-trial conditions of release which she asks this Court to take judicial notice of.  She was required to report to probation once a month and provide a written report.  She was required to call the federal customs agents once every

---

[1] In fact, Ms. Park has been on bail since June of 2003.  She has abided by all the terms of her release.

2

week. She submitted to random urinalysis testing. She was effectively incarcerated. United States v. O'Brien, 273 F.2d 495, 497-98 (3d Cir. 1960)(*citing* Anderson v. Corall, 1923, 263 U.S. 193 (1923)).

If this Court grants Mrs. Park's habeas petition (2255 motion), she will be given credit for time served far in excess of her sentence. Her chance of success is extremely high. Accordingly, this Court should release Mrs. Park on bail (personal recognizance) pending the outcome of her petition.

## CERTIFICATE OF SERVICE

I certify that I will cause to be served upon the Office of the United States Attorney, a true and correct copy of this document on or before August 30, 2007.

Respectfully Submitted

Dated: August 30, 2007  BY: _____
WILLIAM L. GAVRAS, ESQ.
Attorneys for Movant
OK PARK