William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Defendant
OK PARK

**FILED**
DISTRICT COURT OF GUAM

OCT - 9 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| OK PARK, | ) MEMORANDUM IN |
| | ) SUPPORT OF MOTION |
| Movant, | ) UNDER 28 USC § 2255 |
| | ) PC |
| vs. | ) cv No. 07-00025 |
| | ) CR 03-00058 PC |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff. | ) |

**COMES NOW** Movant, by and through counsel, and for her Memorandum states as follows:

Prior to Mrs. Park being asked to present herself to the United States Marshal's office on August 30, 2007 (Mrs. Park has always been willing to self-surrender), she spent over sixty months waiting to begin serving a six and one half *month* prison sentence. During these sixty months, she was not free. She was required to report to probation once a month and present sixty written reports, one for each month. Three times a week she was required to call United States customs agents. She was required to submit to random urinalysis testing. She had to abide by other conditions of her probation. She was effectively imprisoned. United States v. O'Brien, 273 F.2d 495, 497-98 (3d Cir. 1960)(citing Anderson v. Corall, 263 U.S. 193 (1923). The central

ORIGINAL

question presented to this court is whether the sixty months of effective incarceration and loss of liberty counts for anything.

There is no question that a court may impose terms and conditions on a person's liberty pending trial or appeal. However, restrictions on a person's precious liberty cannot continue indefinitely so that the Government may, at its whim or by virtue of its neglect, belatedly execute a sentence with no recognition for the time liberty was curtailed improperly.

Materially distinguishable from Mrs. Park's case are those cases where the execution of a defendant's sentence is delayed or interrupted by time spent at liberty without any constraints on that liberty.[1] The vast majority of cases dealing with credit for time spent at liberty are of this type. However, even though they are distinguishable from the instant matter, these cases should assist this Court since if a defendant is worthy of credit for time at liberty when he is truly at liberty then surely a defendant should be granted credit for time spent at liberty if his liberty was curtailed and he was effectively imprisoned as was Mrs. Park.

In Smith v. Swope, 91 F.2d 260 (9th Cir. 1937), the Ninth Circuit first recognized that a defendant should receive credit for time at liberty where there has been a delay in the commencement in the execution of his sentence. There, the defendant had no constraints placed on his liberty. Most recently, the Ninth Circuit reaffirmed this principle though it recognized its divergence with other circuits. Clark v. Floyd, 80 F.3d

---

[1] Admittedly, the nomenclature is a bit confusing. "Time spent at liberty" is a term used to designate that period of time a defendant is not literally confined but should have been. During this "time spent at liberty" the defendant's liberty may have been curtailed as was Mrs. Park's or the defendant may have actually been at liberty.

2

371, 374 (9th Cir. 1995)("Therefore, Clark should be given credit toward his federal sentence from November 27, 1989, the date he was released by the Montana authorities, to August 18, 1992, the date he actually began to serve his federal sentence.").

Leggett v. Fleming, 380 F.3d 232 (5th Cir. 2004) is an example of a case outside of the Ninth Circuit refusing to allow credit for time at liberty where the defendant had not begun serving any portion of his sentence. In Leggett, a federal detainer was placed on a state inmate and not acted upon when the defendant was release from state custody and constraints, and as a result, the inmate was erroneously given his liberty. When transferred to federal custody, he argued that he should be given credit for time at liberty and invoked the Ninth Circuit's decision in Clark v. Floyd (cited *supra*). The Leggett court stated, "Although the Clark decision is factually similar to the case at hand, it conflicts with our circuit precedent." Id at 235. The precedent Clark was referring to were decisions which, unlike Ninth Circuit precedent, refused to give credit for time at liberty where the sentence had not commenced.

Perhaps most importantly, the Leggett court in addition said "we have also held that a delay in the commencement of a sentence *by itself* does not constitute service of that sentence." Id at 234 (emphasis added). This language has been quoted approvingly by other circuits.[2] By using this language, the courts in the strongest terms

---

[2] The Third Circuit in Vega v. United States, 2007 WL 1989362 (3rd Cir. 2007) approvingly quoted this language found in Leggett. As in Leggett the defendant in Vega, though he should have, did not begin serving his federal sentence after being released from state custody because a federal detainer was not acted upon. Additionally, as in Leggett, the defendant's liberty was not constrained after his release from state custody.

imply that delay in conjunction with some other factor would constitute service of a sentence. What other than being effectively incarcerated (as was Mrs. Park) is a more compelling factor to constitute "service of a sentence?" In fact, the Third Circuit in United States v. Vega, 2007 WL 1989362 (3rd Cir. 2007) recognized that a defendant being effectively incarcerated takes a case outside of that circuit's rule that a delay in the execution of a sentence can never support a claim for credit for time at liberty. Id at pg 3 – 4 (*citing* Binion v. O'Brien cited *supra*).

To break down the foregoing analysis somewhat mechanically there are two variables at play. The first is whether a defendant has yet to begin serving his sentence. The second is whether the defendant's liberty was curtailed during his time at liberty. Under any mix of these two variables, Mrs. Park is entitled to credit for time at liberty under the law of the Ninth Circuit and other jurisdictions.

***A third variable – culpability on the part of the Government. Was the Government at all negligent? Does It matter since Mrs. Park's liberty was constrained?***

The culpability required on the part of the Government to entitle a defendant to credit for time spent at liberty varies. In Vega, the court stated:

> Nearly every court to have considered the rule of credit for time at liberty has required that the government's actions in releasing or failing to incarcerate the prisoner be negligent. See id. at 235; Green, 732 F.2d at 1400; United States v. Croft, 450 F.2d 1094, 1097 (6th Cir.1971); Gillman v. Saxby, 392 F.Supp. 1070, 1073 (D.Haw.1975); Derrer v. Anthony, 265 Ga. 892, 463 S.E.2d 690, 693 (1995). We, therefore, have little difficulty joining these courts and finding that habeas relief is inappropriate where the government's hands are ***entirely clean***. However, even simple negligence, rather than the gross negligence suggested by the Government, can defeat a claim of clean hands. See

4

> Green, 732 F.2d at 1399-140<u>1</u> (granting prisoner credit for time at liberty even though governmental actions were not so egregious as to constitute gross negligence thereby allowing waiver).

Vega 2007 WL 1989362 at 8 (emphasis added). Certainly, in the instant case, the Government's hands are not "entirely clean." For three years after Mrs. Park was supposed to have served her sentence, she reported monthly to her probation officer located one floor below the office of the United States Marshal yet no one seemed to notice. At the very least, the Government is contributorily negligent. See id (*stating* that the federal Government must show that its hands were "entirely clean.").

However, even assuming the Government's hands are entirely clean, an issue not previously addressed by any court is whether the fact Mrs. Park was effectively imprisoned nevertheless entitles her the credit for time at liberty. This question is especially poignant here as there is no evidence that Mrs. Park attempted to manipulate the system. To the contrary, Mrs. Park was extraordinarily compliant with the system's requirements.

Even though the cases do address fault, the underpinning of the concept of credit for time at liberty is the curtailment of acts or omissions by officers of the Government that result in arbitrary and extraordinary power over defendants. Smith v. Swope 91 F.2d at 262. The arbitrary delay in the execution of a person's sentence is one such act. Where there is no culpability on the part of the Government and the defendant suffers no harm, there is little to nothing to curtail. However, where there is no culpability but harm results, the integrity of the criminal justice system is at stake and the courts must exercise their supervisory powers to protect the public. McNabb v.

United States, 318 U.S. 332, 341 (1943)(*stating* that the Court has "supervisory authority over the administration of criminal justice in the federal courts").

### *In the instant case the Government does not just lack clean hands – rather, the Government is grossly negligent or worse.*

For a defendant to benefit under the doctrine of credit for time at liberty, the Government has only to be not completely free from negligence, or alternatively, as argued *supra*, that the defendant suffered some harm. However, case law recognizes that separate and apart from the doctrine of credit for time at liberty a due process violation occurs where the degree of culpability on the part of the Government "shocks the conscience." Bonebrake v. Norris, 417 F.3d 938, 943 (8th Cir. 2005).

It must be remembered that Mrs. Park presented herself to this Government in person approximately sixty times, each time by walking into the United States Probation Office which is one floor below the United States Marshal's Office. At no time was a warrant issued for Mrs. Park nor was she notified that the Marshals were ready to receive her so she could self-surrender. Thus, the evidence suggests that this is not a result of inadvertence but rather a systemic failure. This failure resulted in the effective imprisonment of Mrs. Park for a period of time six times a long as her original sentence of imprisonment.

Not only is the aforementioned six-fold delay shocking and extended, but it evidences gross negligence such that the Government has entirely waived jurisdiction of its right to execute the sentence at all. See Shields v. Beto, 370 F.2d 1003, 1004-06 (5th Cir. 1967); Piper v. Estelle, 485 F.2d 245, 246 (5th Cir. 1973).

## CONCLUSION

### (addressing only the doctrine of credit for time at liberty – not due process or waiver arguments)

Under the doctrine of credit for time at liberty, if the Government's hands are not entirely clean, Mrs. Park must be deemed to have served her sentence. Movant has also argued that because Mrs. Park's liberty was constrained for thirty six months she should receive credit under the doctrine even if the Government's conduct does not meet this low threshold. However, Movant's argument is academic as it is without doubt that at the very least the Government is somewhat contributorily negligent in the thirty six month delay at issue. Accordingly, the Government is presently in the position of having to choose between two mutually exclusive paths. The Government could choose to meander through the facts attempting to justify the failure(s) associated with this case, or it can acknowledge that mistakes were made and offer constructive advice on how to ensure they do not happen again.

Respectfully submitted,

LAW OFFICES OF WILLIAM L. GAVRAS

Date: October 9, 2007.

By: /s/
WILLIAM L. GAVRAS, ESQ.
Attorney for Defendant
OK PARK

USA v. Ok Park, Crim. Case No. 03-00058
Trial Setting Request
February 26, 2004

## CERTIFICATE OF SERVICE

I certify that I caused to be served the Office of the United States Attorney, 108 Hernan Cortez Avenue, Suite 500, Hagatna, Guam, a true and correct copy of this document on or before October 9, 2007:

Date: October 9, 2007.

LAW OFFICES OF WILLIAM L. GAVRAS

BY: _____
WILLIAM L. GAVRAS, ESQ.
Attorney for Defendant