

**ORIGINAL**

okpark.memo

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

OCT 1 2 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OK PARK,<br><br>Defendant. | CRIMINAL CASE NO. 03-00058<br><br>**UNITED STATES RESPONSE TO DEFENDANT'S 2255 PETITION** |

## I. INTRODUCTION

This issue in this case is whether the doctrine of "Credit for Time at Liberty" should be applied where the defendant has not served any part of her sentence, where she knew she was required to report to the U.S. Marshal to begin serving that sentence by February 19, 2005, and where the government's error was in neglecting to request that a warrant of arrest issue when she failed to surrender.

Defendant has the burden of proof to establish a grounds for relief. She does not dispute that she knew she was to report to the Marshal's office within 10 days of a facility being designated by the Bureau of Prisons. Her motion is based upon the premise that she never received notice that a facility had been designated. But in fact, she _had_ received such notice. As

-1-

reflected in Exhibit 1, she knew a facility had been designated as of January 9, 2005. She knew her application to remain on bail pending appeal was denied February 9, 2005. Therefore, she knew she would have to voluntarily surrender to the U.S. Marshal's office no later than February 19, 2005.

Unquestionably, the government was negligent in this case, but its negligence was <u>not</u> in failing to advise her of her duty to surrender. The government's error was in failing to request a warrant for her arrest when she failed to surrender February 19, 2005. The issue in this case is whether the government's failure to notice that she had not surrendered is of such an egregious nature as to allow her credit for a sentence of which she has not served even a day.

## II. PROCEDURAL HISTORY

Defendant was sentenced December 8, 2004, to 6.5 months incarceration; the judgment was filed December 10, 2004. She was allowed to remain out of custody on personal recognizance, pending notification of a prison designation by the U.S. Marshal. On December 13, 2004, defendant filed a Motion for release pending appeal, which was denied on December 29, 2004, by the Honorable John C. Coughenour. The order denying her motion was filed January 5, 2005. The same day, defendant express mailed to the Ninth Circuit a motion that she be permitted to remain on bail pending resolution of the appeal. Defendant's letter advising the U.S. Attorney's Office of this motion is attached hereto as Exhibit 1. The Bureau of Prisons designated a prison on January 7, 2005; the U.S. Marshal's Service received notice of that designation January 10, 2005. Defendant was aware of that designation: Exhibit 1 indicates that she believed it to have occurred "on or about 1/9/05."

Given her pending motion before the Ninth Circuit, the U.S. Attorney's Office advised the U.S. Marshal that defendant did not have to surrender until her motion before the Ninth Circuit had been resolved (Exhibit 2). On February 9, 2005, the Ninth Circuit denied her motion (Exhibit 3). On January 20, 2006, the Ninth Circuit affirmed her conviction.

-2-

Case 1:03-cr-00058   Document 262   Filed 10/12/2007   Page 2 of 10

## III. PETITIONS PURSUANT TO 28 U.S.C. § 2255

Defendant is seeking an order declaring that she be relieved of the requirement to report to the U.S. Marshal to begin serving the 6.5 month sentence of incarceration on the grounds that she has already served the sentence by reporting to U.S. Probation on a monthly basis and by telephoning the office of Immigration and Customs Enforcement three times/week. Defendant is not entitled to relief under 28 U.S.C. § 2255 because she failed to file her petition within the one-year period of limitation provided by ¶ 6. The section which applies to this issue, the government believes, is § 2241.

## IV. ARGUMENT

"Under the doctrine of credit for time at liberty, a convicted person is entitled to credit against his sentence for the time he was erroneously at liberty provided there is a showing of simple or mere negligence on behalf of the government and provided the delay in execution of sentence was through no fault of his own." United States v. Martinez, 837 F.2d 861, 865 (9th Cir. 1988). Four cases deal with the application of this doctrine in the Ninth Circuit. None are precisely on point, however, because they do not concern a situation where the government's error was precipitated by the defendant's failure to follow the court's order.

In Smith v. Swope, 91 F.2d 260 (9th Cir. 1937), the error was committed by the U.S. Marshal, who failed to follow the court's order to incarcerate the defendant in a federal facility "forthwith." Los Angeles County had filed an information against the defendant. While this information was pending resolution, defendant was sentenced in both the Southern and Northern Districts of California to terms of incarceration to run concurrently, and ordered to begin serving that time immediately. Rather than execute this sentence as ordered, however, the U.S. Marshal turned defendant over to the custody of Los Angeles. He served time pursuant to the state conviction, but after his release was turned over to the U.S. Marshal and incarcerated at McNeil Island to begin serving his federal sentence. He petitioned the court to credit this local time against the time remaining on the federal convictions.

-3-

> "The question thus presented is a very simple one: When a defendant is sentenced to prison and the marshal having him in custody is ordered to deliver him to the prison 'forthwith' and fails to do so until five years later, is the prisoner's service of his sentence deemed to begin at the time of his sentence and the commitment and custody thereunder by the marshal, or at the date of the tardy actual commitment to prison?" Id. at 261.

The court held for the defendant, because the U.S. Marshal had failed to execute the federal sentence promptly, as was ordered by the sentencing courts. "If a ministerial officer, such as a marshal, charged with the duty to execute the court's orders, fails to carry out such orders, that failure cannot be charged up against the prisoner." Id.

In Green v. Christiansen, 732 F.2d 1397 (9th Cir. 1984), the error was the failure of the Bureau of Prisons to place a detainer on the defendant. He had been incarcerated in a federal penitentiary after being sentenced to 15 years for bank robbery and related charges. A year later, California convicted the defendant for crimes relating to assault of a police officer. The Bureau of Prisons released the defendant so he could begin serving his local time, and failed to place a detainer on him to be returned to federal custody thereafter. Green was paroled by California, and successfully completed his term of parole. Two and a half years after his release from a California prison, the Bureau of Prisons discovered its mistake and caused Green to be arrested so that he could begin serving the balance of the federal time. In response to his habeas corpus petition, the Ninth Circuit held he was entitled to full credit against any unexpired portion of his federal sentence for the time during which he was at liberty following his erroneous release. The court noted that Green did not know he "owed" this federal time. He had "been released unconditionally, and was not subject to supervision, ..." Id. at 1400. "Under those circumstances, neither regulations nor simple fairness justify the imposition of a penalty to which Green never knew he was subject." Id.

In United States v. Martinez, 837 F.2d 861 (9th Cir. 1988), the error was committed by the District Court. Defendant and a confederate had been convicted of obstruction of justice and sentenced to four years incarceration. He appealed his conviction, and remained out of custody pending appeal. His conviction was affirmed, the Supreme Court denied certiorari, and the

-4-

District Court had a hearing once the mandate was returned. Defendant was not present, but his attorney was. "The court's minute order contains no indication that Martinez was ordered to report to the custody of the Attorney General to being serving his sentence, and no commitment order was entered. ... " Martinez was not ordered to surrender, but his codefendant was." Seven and a half years later the FBI discovered that defendant had never served his sentence. After a court conference, Martinez was ordered to report to the Bureau of Prisons to begin serving his sentence. During this period, he had continued living at the same address, and working at the same job. Before surrendering himself, Martinez filed a § 2255 motion asking that the court vacate and set aside his sentence. When the district court denied his motion, he appealed. The court declined to order relief on the basis that the sentence violated Due Process, because "the government's acts do not constitute action so affirmatively wrong or inaction so grossly negligent that fundamental fairness is violated ..." Id. at 865. It declined to find that the government was collaterally estopped from executing the sentence. It also declined to apply the doctrine of credit for time at liberty, because the defendant had failed to exhaust his administrative remedies through the Bureau of Prisons before bringing a habeas corpus petition.

Finally, in Clark v. Floyd, 80 F.3d 371 (9th Cir. 1995), the error was due to Montana authorities, who failed to honor the detainer filed by the Bureau of Prisons. Defendant had been serving time for a Montana state crime when the federal court revoked probation which had previously been imposed and sentenced him to five years incarceration. He was returned to the Montana facility, and the appropriate detainer was filed. However, when he was released on parole, Montana failed to notify the federal government, which did not discover this for two and a half years. The court applied the doctrine of credit for time at liberty, declining to make a distinction between federal and state error.

Vega v. United States, 493 F.3d 310 (3rd Cir. 2007) is an excellent overview of the principles of this doctrine. Vega concerned the same error that had occurred in Clark: a foreign sovereign, New York, had failed to honor a federal detainer and released the defendant, who had

-5-

been sentenced to 96 months by a district court in the Eastern District of New York. Vega had been told at the time of his release that there was no federal detainer against him. The Vega court declined to impute the negligence of New York authorities to the federal government, and held that the doctrine would not apply in this case.

### V. SUMMARY

This case comes down to the test propounded by Martinez, whether there was negligence on the part of the government in executing her sentence and whether the delay in execution of the sentence was through no fault of hers. Here, the failure to execute her sentence was her fault: she was ordered to report to the Marshal 10 days after designation of a facility, she knew a facility had been designated, she avoided incarceration by filing an application for bail in the Ninth Circuit, and she knew that application had been denied. The government's fault is in failing to execute a warrant for her arrest when she failed to surrender February 19, 2005. Before one gets to the government's negligence, however, defendant must explain why she initially failed to surrender as ordered. On this point, her petition is silent. Accordingly, it should be denied.

Respectfully submitted this 12th day of October, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant U.S. Attorney

Law Offices of
# GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagåtña, Guam 96910

Telephone: (671) 472-2302
Facsimile: (671) 472-2342
legaleagle@netpci.com

A. Alexander Gorman*  \*Also admitted in CA, MO & CNMI
William L. Gavras**  \*\*Also admitted in MO & CNMI

## VIA MAIL AND FACSIMILE: 473-9195

January 5, 2005

United States Marshals Service
344 U.S. District Courthouse
520 West Soledad Avenue
Hagatna, Guam 96910

    Re:    <u>United States v. Ok Park,</u> Appeal No. 04-10692
           District Court Criminal Case No. 03-00058

Dear Sir/Madam,

    Today, we expressed mailed to the Ninth Circuit Court of Appeals a motion requesting that Ok Park be permitted to remain on bail pending the resolution of her appeal, notice of which has been filed. Pursuant to Ninth Circuit Rule 9-1.2(e), because Mrs. Park filed her motion and because she is currently on bail, her "bail will remain in effect until the court rules on the motion."

    Accordingly, Mrs. Park will not surrender herself pursuant to the trial court's order ten days after her designation to a BOP facility which we understand occurred on or about 1/9/05. Instead, she will await the Ninth Circuit's ruling.

    If the above does not comport with your understanding or if you have any questions, comments or objections to the course of action I have outlined, please contact me.

Sincerely,

William L. Gavras
WLG/aoc

cc:    Karon V. Johnson, AUSA
       Tina Crisostomo, United States Probation Office



U.S. Department of Justice

*United States Attorney*
*District of Guam*

Sirena Plaza, Suite 500
108 Hernan Cortez
Agana, Guam 96910

(671) 472-7332
FAX (671) 472-7215

January 19, 2005

**Via facsimile**
Deputy Marshal Victor Roman
U.S. Marshal's Service
District of Guam

      Re: <u>United States v. Ok Park</u>, Appeal No. 04-10692
          Criminal No. 03-00058

Dear Victor:

      Attached please find a letter from William L. Gavras, counsel for defendant Ok Park, that sets forth Ninth Circuit Rule 901.2(e) that states that when defendants are out on bail at the time that their Ninth Circuit bail motion is filed "... bail will remain in effect until the Court rules on the motion."

      I agree with defendant's counsel that this rule controls in this case. Appellate bail decisions are usually handled in an expeditious manner, and we will advise you of any decision that comes down. The defendant's counsel has agreed to surrender his client if the Ninth Circuit rules against her on this bail motion.

Sincerely,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: *Frederick A. Black*
     FREDERICK A. BLACK
     Assistant U.S. Attorney

Encl

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 0 9 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 04-10692 |
| --- | --- |
| Plaintiff - Appellee, | D.C. No. CR-03-00058-JCC |
| v. | Guam (Agana) |
| OK PARK, | ORDER |
| Defendant - Appellant. | |

Before: GRABER and GOULD, Circuit Judges

Appellant's motion for bail pending appeal is denied because appellant has not shown that the appeal raises a "substantial question" of law or fact that is likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b); *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985).

The previously established briefing schedule shall remain in effect.

S:\MOATT\Panelord\02.05\jm\04-10692.wpd

U.S. ATTORNEY'S OFFICE
DISTRICTS OF GUAM & NMI
FEB 14 2005
RECEIVED

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. OK PARK, Defendant - Appellant. | No. 04-10692<br>D.C. No. CR-03-00058-AWT<br><br>**JUDGMENT** |
|---|---|

Appeal from the United States District Court for the District Of Guam (Hagatna).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District Of Guam (Hagatna) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 01/20/06